**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NO.:** 2:19-cv-02357-DCN

| | |
|---|---|
| John Doe,                                                                                 )<br>                                                                                                  )<br>                    Plaintiff,                                                          )<br>                                                                                                  )<br>v.                                                                                              )<br>                                                                                                  )<br>The Citadel a/k/a The Military College                     )<br>of the State of South Carolina and                           )<br>Kenneth G. Boes, individually and in his                )<br>official capacity for The Citadel a/k/a The           )<br>Military College of the State of South                     )<br>Carolina,                                                                             )<br>                                                                                                  )<br>                    Defendants.                                                   )<br>_____)  | **COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff, John Doe, by and through his undersigned counsel, complaining of above-named Defendants, alleges the following:

1.      This is a civil action for monetary damages brought by John Doe, arising from violations of his federal civil rights and rights protected under the laws of the State of South Carolina as a result of sexual assaults and other misconduct (providing alcohol to a minor while in counseling, etc.) committed by the above-named Defendants.

2.      John Doe is an adult male individual who is presently a citizen and resident of Texas. Plaintiff's actual name is not pleaded in this Complaint in order to protect his identity because he was a victim of sexual assault. The identity of the Plaintiff will be made known to the Defendants by separate communication.

3.      Defendant, The Citadel, also known as The Military College of the State of South Carolina (hereinafter referred to as "The Citadel") is a private/public organization established by and operated by the State of South Carolina, with its principal place of business at

1

171 Moultrie Street, Charleston, SC 29409. The Citadel conducts business in South Carolina. It is sued in South Carolina based on its presence in Charleston County and because one or more acts of sexual abuse between its agent/employee Kenneth Boes and John Doe occurred in Charleston County.

4. Defendant, Kenneth G. Boes (hereinafter referred to as "LTC Boes"), also known as Ken Boes, is and was, always relevant herein, an agent/servant/employee of The Citadel. He is sued in both his individual capacity and in his official capacity as a Tactical Officer under the command of the Commandment of Cadets while employed by The Citadel. He is an adult male citizen and resident of the County of Charleston, State of South Carolina. He is sued in Charleston County based on tortious acts he committed against John Doe in Charleston County.

5. The acts and/or omissions alleged in this Complaint committed by LTC Boes were while acting as an officer, principal, agent, teacher, employee, and/or representative of The Citadel.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1367(a) and under Title IX of the Education Amendments of 1972. Venue is proper under 28 U.S.C. § 1391(b).

7. The Citadel incorporates a military based hierarchy into its education and training which is based on military standards and a set of Core Values that form a code of conduct that is expected of students and faculty.

8. The Core Values require a commitment to a life-long obligation to moral and ethical behavior, doing the right thing and treating people with dignity and worth.

9. The Citadel also requires adherence to an Honor System that forbids lying, cheating, stealing or tolerating those who engage in such behavior.

10. The Citadel has the expectation that its faculty will adhere to and practice the tenants of the Core Values and Honor System.

11. The Citadel administers its system of leadership and discipline through the office of the Commandant of Cadets which is run by the Commandant and his staff, including Tactical Officers.

12. LTC Boes began his Tactical Officer career at The Citadel in 2003 and was employed by The Citadel for many years, tasked primarily by the Commandant to 4th Battalion. The role of a tactical officer is to Teach, Advise and Coach ("TAC") cadets as part of The Citadel's military and leadership training.

13. John Doe met LTC Boes while attending summer school at The Citadel in the summer of 2017. John Doe was 20 years old at the time.

14. LTC Boes met John Doe through the Citadel's curriculum. LTC Boes recruited, groomed, and coerced John Doe during a time when John Doe was experiencing difficulties personally and with school, under the guise of shepherding him through school to ensure that John Doe would graduate.

15. LTC Boes was aware of John Doe's weakened mental and psychological state due to previous disciplinary issues at The Citadel and knew that John Doe wanted very much to graduate from The Citadel. LTC Boes used his position of great authority to prey on John Doe for sexual favors as is more fully described below.

16. The Citadel is aware of the risk of sexual violence between students and faculty and has specifically recognized that sexual violence is a problem on college and university campuses

17. The Citadel defines sexual violence as any non-consensual physical

3

conduct of a sexual nature and further recognizes that a person cannot legally consent to sex if he or she is incapacitated from drugs or alcohol or is induced to engage in sexual activity by the other person's abuse of position of power, trust or authority.

18. In his capacity as a Tactical Officer for The Citadel, LTC Boes portrayed himself as a field grade Army officer and pillar of integrity who emphasized the importance of the cadets' development and display of superior physical and mental abilities. By virtue of his military rank and position as Tactical Officer, LTC Boes was in a position of authority and power over students including John Doe.

19. Over the weeks and months following meeting John Doe, LTC Boes continued to groom John Doe for later sexual interactions. John Doe visited and/or stayed the night at LTC Boes' residence located on The Citadel campus.

20. During John Doe's initial visit to LTC Boes' residence, LTC Boes provided alcohol and cigars to John Doe (an underage adult) and began developing a bond with John Doe.

21. Thereafter, LTC Boes provided John Doe with alcohol and/or cigars in the range of fifty (50) to sixty (60) times from the Summer of 2017 to April 2018. He provided alcohol to John Doe despite his knowledge that John Doe had undergone counseling for the underage use of alcohol and was actively undergoing counseling for alcohol use.

22. LTC Boes' wife would routinely smoke marijuana while John Doe was at LTC Boes' home.

23. Beginning in 2017, and continuing through 2018, LTC Boes, while under the employment, supervision, and control of The Citadel as a Tactical Officer sought after and sexually violated John Doe. The sexual abuse occurred on multiple occasions and at multiple locations on The Citadel's premises and other locations in Charleston, South Carolina.

4

24. On or about September 29, 2017, LTC Boes summoned John Doe to his office located on the 1st floor of the 4th Battalion's Barracks on The Citadel's premises. LTC Boes and John Doe proceeded to Deas Hall (The Citadel's gym) to exercise for about an hour. After exercising, LTC Boes and John Doe returned to LTC Boes' office located on the 1st floor of the 4th Battalion's Barracks. During this interaction, Boes assaulted John Doe by inappropriate touching, locked and blocked the office door, and forcibly kissed John Doe on the lips without his consent. LTC Boes then subsequently confessed his homosexuality and love for John Doe.

25. John Doe was devastated by LTC Boes' conduct and felt deceived by LTC Boes given the trust that he had built and given the trust that LTC Boes had cultivated through his actions and statements indicating that he would help and protect John Doe.

26. Following the September 29, 2017 event, LTC Boes continued to pursue a relationship with John Doe insisting that, without his help, John Doe would be unable to graduate from The Citadel.

27. On several occasions following the September 29, 2017 incident, LTC Boes groped John Doe's buttocks and made verbal sexual comments during their interactions on The Citadel's premises. LTC Boes threatened that, if John Doe did not go along with his advances, John Doe would not graduate.

28. On November 10, 2017, LTC Boes invited John Doe to his residence located on The Citadel's campus.

29. During this interaction, LTC Boes provided dinner, snacks, alcohol, and unidentified pills to John Doe. LTC Boes advised John Doe to take the unidentified pills to prevent a hang-over the following morning. After taking the unidentified pills, John Doe began to feel dizzy.

30. While John Doe was under the influence of the medication and alcohol, LTC Boes sexually assaulted John Doe. John Doe awoke the following morning naked in the bed with LTC Boes who was also naked.

31. Following the sexual violations referenced in the above paragraphs, LTC Boes repeatedly forced John Doe to engage in sexual acts on and off of the campus of The Citadel.

32. Said conduct was undertaken while LTC Boes was under the supervision and authority of The Citadel and often under circumstances that should have gained the attention of authorities at The Citadel.

33. The unlawful and unwanted sexual acts by LTC Boes included: a) performing sexual acts on John Doe; b) impermissibly touching John Doe's body including his penis; c) requiring John Doe to shower while he watched; d) retaining items of clothing belonging to John Doe; and e) engaging in other acts both physical and verbal that were of a sexual nature.

34. On numerous occasions, LTC Boes intentionally secluded himself with John Doe to permit sexual access to John Doe.

35. LTC Boes sexually abused John Doe 40 to 50 times from approximately September 2017 to April 2018.

36. The Citadel employs a "Cadet Accountability System" to track accusations, rules violations, offenses, circumstances of extenuation or mitigation, punishment, and other matters related to cadet discipline.

37. The Cadet Accountability System is administered by The Citadel's Office of the Commandant, the officer who is responsible for the command, control, and administration of the Corps of Cadets, including matters of cadet discipline.

38. The Commandant reports directly to the President of The Citadel.

39. LTC Boes used his position of power and his contacts within the Office of the Commandant to resolve accusations against John Doe and to change punishments to be rendered to John Doe in exchange for performing sexual acts on John Doe under a system that he called "quid pro quo".

40. The Citadel recognizes "Quid Pro Quo" as a type of sexual harassment that occurs when the terms or conditions of employment, educational benefits, and academic grades or opportunities, living environment or participation in college activity is conditioned upon, either explicitly or implicitly, submission to unwelcome sexual advances or requests for sexual favors, or such submission is a factor in decisions affecting that individual's employment, education, living environment, or participation in a college program or activity.  Generally, perpetrators will be agents or employees with some authority from the college.

41. LTC Boes would resolve disciplinary issues, procure leave and help ensure John Doe would graduate so long as John Doe cooperated in his desires to commit sexual acts on John Doe as part a Quid Pro Quo system.

42. For example, LTC Boes would provide alibis and/or corroboration for John Doe when John Doe allegedly failed to report for class or other commitments.

43. In addition, LTC Boes would falsely report to the Commandant's office that John Doe had engaged in mitigating conduct to reduce possible discipline (for instance, he reported that John Doe had performed community service such as giving blood when in fact he had never given blood).

44. All of this was part of LTC Boes' scheme to reduce punishments to force John Doe to submit to his sexual advances.

45. During the entire period of sexual assaults upon John Doe, LTC Boes used

his position of superiority as The Citadel's Tactical Officer to avoid and/or to reverse The Citadel's disciplinary actions pertaining to John Doe.

46. LTC Boes repeatedly threatened John Doe and constantly stressed to John Doe that if John Doe told anyone about the sexual abuse, LTC Boes would have all of the disciplinary actions reinstated. These efforts were used as threats to silence John Doe and ensure his continued adherence to his sexual abuse.

47. The actions of LTC Boes in manipulating John Doe's discipline were known to the Office of the Commandant, which would change the Cadet Accountability System to reflect LTC Boes' instructions, all the while knowing that LTC Boes was not John Doe's Tactical Officer.

48. These disciplinary changes were such that the Commandant and members of his office knew or should have known that improper conduct was occurring.

49. On at least one occasion, during the 2017 Christmas break, the Commandant of Cadets gave LTC Boes the keys to Deas Hall so that he and John Doe could exercise. Following the period of exercise, LTC Boes sexually assaulted John Doe in Deas Hall.

50. The Commandant's Office was aware that: 1) John Doe kept his truck at LTC Boes' residence on the campus; 2) John Doe routinely missed formations that would be excused by LTC Boes; 3) Cadet leadership had raised questions about the relationship between John Doe and LTC Boes including the excusal of punishable offenses such as missing formation; 4) LTC Boes was not John Doe's Tactical Officer; 5) LTC Boes was serving alcohol to underage cadets including John Doe; 6) that John Doe was receiving punishments that were not served but instead were marked as completed in the CAS such that John Does' TAC officer questioned how his punishments went from "red to green" overnight; 7) that John Doe was granted an inordinate amount of leave over and above what is granted similarly situated cadets; 8) that John Doe

8

committed offenses punishable by tours that were written up as minor offenses with little to no punishment; and 9) other conduct that was out of the ordinary and indicative of an improper relationship. As a result of this knowledge, The Citadel facilitated LTC Boes in committing the acts described herein.

51. John Doe suffered in silence for over six (6) months and was afraid to take any actions against LTC Boes for fear that he would not graduate.

52. In April 2018, John Doe left The Citadel under great duress created by the actions of LTC Boes and The Citadel's failure to protect him from such abuse.

53. Following John Doe's departure from The Citadel, LTC Boes came to John Doe's job site and caused John Doe further mental distress and harm.

54. John Doe has suffered and continues to suffer physical, psychological, and emotional injuries which have caused and in the future will cause him to suffer one or more of the following elements of damage: (a) physical pain; (b) interference with relationships with others (c) mental anguish resulting in post-traumatic stress; (d) emotional distress; (e) loss of sleep and inability to concentrate; (f) loss of the enjoyment of life; (g) shock and injury to his nerves and nervous system; (h) increased susceptibility to future injury; (i) substantial expenses for medical services in the past and in the future; (j) withdrawal from school in April 2018 under the above-described circumstances thereby resulting in his transcripts reflecting failing grades which negatively affects his ability to further his education; and (k) all other damages provable at the trial of this case.

**FIRST CAUSE OF ACTION**
**Negligence/Gross Negligence**

55. John Doe realleges and reincorporates all preceding paragraphs as if fully set forth herein.

56.     The Citadel had a duty to protect John Doe when he was entrusted to its care by his parents. John Doe's care, welfare, and/or physical custody were temporarily entrusted to The Citadel when John Doe attended functions sponsored by Citadel and when on properties and premises operated by The Citadel. The Citadel solicited and voluntarily accepted the entrusted care of John Doe. As such, The Citadel owed John Doe a special duty of care, in addition to a duty of ordinary care, and owed John Doe the higher duty of care to protect students/cadets from harm by adults supervising students/ cadets in their care. John Doe was owed by The Citadel a duty to be protected from harm inflicted upon him by LTC Boes when John Doe attended the activities of The Citadel and when John Doe was on the premises of The Citadel, where LTC Boes was assigned and served.

57.     The Citadel, by and through its agents, servants, and employees, knew or reasonably should have known of LTC Boes' dangerous and exploitive propensities and/or that LTC Boes was an unfit agent because of his sexual interest in certain students/ cadets and his history of routinely "getting too close to cadets."

58.     It was reasonably foreseeable that if The Citadel did not adequately exercise reasonable care or discharge the duty of care owed to students/cadets in its care, including but not limited to John Doe, the students/cadets entrusted to the care of The Citadel would be vulnerable to sexual abuse by The Citadel's employees, including LTC Boes.

59.     The Citadel acted negligently, grossly negligently, recklessly, maliciously, willfully, and wantonly, and breached this duty with respect to John Doe by:

      a.    Failing to provide necessary protection to John Doe while he was in the care of and custody of The Citadel;

      b.    Failing to protect John Doe from foreseeable harm of sexual misconduct of its employees or personnel, including LTC Boes;

10

    c.    Failing to use due care and caution in safekeeping John Doe;

    d.    Failing to sufficiently monitor John Doe while he was in the care of The Citadel;

    e.    Failing to properly train the staff to ensure the safety of John Doe;

    f.    Failing to institute and/or to enforce adequate policies and procedures to protect John Doe from abuse after The Citadel knew other staff members sexually abused young cadets/students while acting within the scope of their official duties;

    g.    Failing to protect John Doe's right to security, right to privacy, and right to personal liberty;

    h.    Failing to protect John Doe from an intrusion of his privacy;

    i.    By allowing LTC Boes visiting John Doe's jobsite when it was foreseeable that such a visit would cause further apprehension and distress given the nature of the abuse suffered by John Doe; and

    j.    Any other particulars which may be shown at trial.

60. As a direct and proximate result of The Citadel's breaches of duty, John Doe was sexually assaulted by LTC Boes.

61. John Doe is entitled to damages as a result of acts and/or omissions of The Citadel.

## Title IX

62. John Doe realleges and reincorporates all preceding paragraphs as if fully set forth herein.

63. The Citadel is a regular recipient of federal funding and had been at all times relevant to the facts giving rise to this action.

64. The Citadel failed to have policies, procedures, practices, and customs in

place to assure John Doe was not a victim of harassment and sexual abuse based upon his gender and/or to prevent sexual assaults that violated his rights pursuant to Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681, *et seq*.

65. At the time of the incidents of sexual assault described above, LTC Boes was an agent and servant of The Citadel acting within the scope of his employment for the purposes of Title IX.

66. As a direct and proximate result of the unlawful and wrongful acts of Defendants, jointly and severally, John Doe has suffered and continues to suffer damages as follows, for which Defendants are liable: great pain of mind and body, mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

67. Pursuant to 42 U.S.C. § 1988, a prevailing party in a Title IX case is entitled to recover his attorney's fees and expert fees. Hence, John Doe further prays for all costs, attorney fees, and expert fees associated with bringing the present case to trial.

## SECOND CAUSE OF ACTION
**Negligence/ Gross Negligence (Negligent Hiring, Retention and Supervision)**

68. John Doe realleges and reincorporates all preceding paragraphs as if fully set forth herein.

69. The Citadel had a duty to provide reasonable supervision of its employee and agent, LTC Boes, when he interacted with cadets/students.

70. It was reasonably foreseeable that those employees and agents of The

Citadel who have a sexual interest in male students, including LTC Boes, would sexually abuse students, including John Doe, unless properly supervised. Moreover, The Citadel knew, or should have known, of LTC Boes' propensity to "get too close to cadets."

71. A reasonable investigation into the background of LTC Boes would have indicated that he had in interest in other males such that The Citadel should have been on notice that LTC Boes was not fit to be around male students and/or would require heightened supervision.

72. In choosing to operate an educational institution for students, The Citadel undertook the duty to exercise reasonable care in hiring, retaining, and supervising instructors and staff with whom the safety and care of the students could reasonably be entrusted.

73. The Citadel, through its officials, made representations to John Doe and his parents that LTC Boes mentored, coached, and advised students in every facet of cadet life.

74. The Citadel, by and through its respective agents, servants, and employees, knew, or reasonably should have known, of LTC Boes' dangerous and exploitive propensities and/or that LTC Boes was an unfit agent.

75. Despite such knowledge, The Citadel breached its duty to provide reasonable supervision of LTC Boes and enabled LTC Boes, who was in a position of trust and authority for The Citadel, to commit the wrongful acts against John Doe.

76. The Citadel acted negligently, grossly negligently, recklessly, maliciously, willfully and wantonly, and breached this duty with respect to John Doe by:

    a. Not only retaining Boes, but continuing to promote him;

    b. Creating an environment in which LTC Boes and other instructors were permitted to prey on the inexperience and vulnerability of students;

    c. Permitting LTC Boes to manipulate John Doe's discipline;

      d.      Failing to ascertain why LTC Boes was providing input into John Doe's discipline and to determine that he was doing so for improper purposes;

      e.      By the Commandant and LTC Boes visiting John Doe's jobsite when it was foreseeable that such a visit would cause further apprehension and distress given the nature of the abuse suffered by John Doe; and

      f.      Any other particulars which may be shown at trial.

77. As a direct and proximate result of The Citadel's breaches of duties, LTC Boes repeatedly and forcibly sexually abused John Doe on The Citadel's premises.

78. John Doe is entitled to damages as a result of acts and/or omissions of The Citadel.

## THIRD CAUSE OF ACTION
### Reckless Infliction of Emotional Distress

79. John Doe realleges and reincorporates all preceding paragraphs as if fully set forth herein.

80. By employing LTC Boes and choosing to place LTC Boes in a position where his work with students/cadets was inadequately supervised, and by causing John Doe to be sexually abused as a thriving student/cadet, The Citadel by extreme and outrageous conduct recklessly directly and proximately caused severe emotional distress and bodily harm to John Doe.

81. The Citadel's conduct in employing LTC Boes, holding out its premises as a safe environment for students when it had reason to know it could be a dangerous place for students, and thereby causing John Doe to be sexually assaulted by LTC Boes constituted extreme and outrageous conduct that was atrocious and went beyond all bounds of decency such that its conduct is utterly intolerable in a civilized society.

14

82. The Citadel acted recklessly in employing, retaining, promoting, and permitting LTC Boes to work unsupervised with students and/or allowing him to use their facilities for functions and activities, thereby causing John Doe to be sexually abused by LTC Boes.

83. John Doe directly and proximately suffered severe emotional distress, including severe mental anguish and horror, because of The Citadel's intentional or reckless, extreme, and outrageous conduct.

## FOURTH CAUSE OF ACTION
**Invasion of Privacy**

84. John Doe realleges and reincorporates all preceding paragraphs as if fully set forth herein.

85. The facts set forth above demonstrate that LTC Boes invaded John Doe's rights to personal security, personal liberty, and privacy.

86. LTC Boes' sexual abuse of John Doe was of the nature that demonstrated a blatant and shocking disregard to John Doe's rights and directly and proximately resulted in serious mental injury and humiliation to John Doe.

87. At the time of the incidents described above, LTC Boes was an agent and servant of The Citadel, acting within the scope of his employment.

88. The Citadel is liable for the acts of LTC Boes, its employee who was acting within the scope of his employment, under the doctrine of *respondeat superior*.

89. As a direct and proximate result of LTC Boes' invasion of John Doe's rights to privacy, personal security, and personal liberty, John Doe is entitled to recover damages.

## FIFTH CAUSE OF ACTION
**Outrage**

90. John Doe realleges and reincorporates all preceding paragraphs as if fully set forth herein.

91. The facts set forth above demonstrate LTC Boes inflicted severe emotional distress on John Doe through acts of sexual abuse as well as his threats and related conduct that coerced John Doe to engage in sexual acts.

92. At the time of LTC Boes' sexual abuse of John Doe, a special relationship existed between John Doe and LTC Boes, who was an employee of The Citadel and charged with the custody and care of John Doe.

93. LTC Boes' conduct towards John Doe was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

94. The emotional distress suffered by John Doe, who suffered in silence for months and continues to suffer, is so severe that no reasonable person could be expected to endure it.

95. At the time of the incidents described above, LTC Boes was an agent and servant of The Citadel, acting within the scope of his employment.

96. The Citadel is liable for the acts of LTC Boes, its employee who was acting within the scope of his employment, under the doctrine of *respondeat superior*.

97. John Doe is entitled to damages against both Defendants as a result of LTC Boes' outrageous acts and/or omissions.

### SIXTH CAUSE OF ACTION
**Assault**

98. John Doe realleges and reincorporates all preceding paragraphs as if fully

set forth herein.

99. The facts set forth above demonstrate that John Doe was placed in reasonable fear of immediate harmful, unwanted, and offensive touching by LTC Boes.

100. From Summer of 2017 to April 2018, LTC Boes engaged in unpermitted, harmful, and offensive sexual conduct and contact upon the person of John Doe, in violation of South Carolina law.

101. As a direct and proximate result of LTC Boes' assaults and conduct described above, John Doe suffered damages.

102. Said conduct was undertaken while LTC Boes was under supervision and authority of The Citadel.

103. The conduct by LTC Boes was committed during the course and scope of his employment with The Citadel.

104. LTC Boes' sexual misconduct with John Doe was ratified by The Citadel.

105. Prior to or during the abuse alleged above, The Citadel knew, had reason to know, or should have had reason to know, that LTC Boes posed a risk and would harm students, including John Doe.

106. John Doe was a student at The Citadel at the time of his sexual abuse by LTC Boes.

107. The Citadel is vicariously liable for LTC Boes' assaults and conduct described above.

### SEVENTH CAUSE OF ACTION
**Battery**

108. John Doe realleges and reincorporates all preceding paragraphs as if fully

set forth herein.

109.    Without consent of John Doe, LTC Boes willfully, maliciously, and repeatedly sexually assaulted John Doe on The Citadel's premises.

110.    LTC Boes intended to cause harmful and sexually offensive contact directly with John Doe's sexual body parts, contact that offends a reasonable sense of personal dignity.

111.    LTC Boes intended to cause a harmful and offensive contact with John Doe by the use of LTC Boes' hands and other body parts to make contact directly with John Doe's sexual body parts.

112.    LTC Boes willful, malicious, and oppressive conduct as hereinabove alleged was engaged solely to satisfy his own motives and personal desires, to the detriment of John Doe.

113.    John Doe did not consent to the touching and sexual contact.

114.    John Doe was harmed by LTC Boes' unwanted sexual conduct.

115.    The Citadel is liable for the acts of LTC Boes, its employee who was acting within the scope of his employment, under the doctrine of *respondeat superior*.

## EIGHTH CAUSE OF ACTION
**False Imprisonment**

116.    John Doe realleges and reincorporates all preceding paragraphs as if fully set forth herein.

117.    John Doe was unlawfully and without consent restrained by LTC Boes in

118.    LTC Boes' office and residence located on The Citadel's premises.

119.    LTC Boes confined John Doe in his office and residence located on The Citadel's premises and demonstrated aggression when John Doe attempted to leave, forcing John Doe to submit to the apprehension of LTC Boes' force and position of authority and influence.

120. At the time of the incidents of unlawful restraint described above, LTC Boes was an agent and servant of The Citadel, acting within the scope of his employment.

121. As a direct and proximate result of LTC Boes' unlawful restraint of John Doe, John Doe is entitled to recover damages against both Defendants.

### NINTH CAUSE OF ACTION
**Sexual Harassment**

122. John Doe realleges and reincorporates all preceding paragraphs as if fully set forth herein.

123. The facts set forth above demonstrate that John Doe was sexually harassed by LTC Boes in a violation of South Carolina law including, but not limited to, the provisions of Sections 1-13-10 through 1-13-100 of the South Carolina Code of Laws and the sexual harassment policy of The Citadel.

124. At the time of the incidents of sexual harassment described above, LTC Boes was an agent and servant of The Citadel, acting within the scope of his employment.

125. As a direct and proximate result of LTC Boes' sexual harassment of John Doe, John Doe is entitled to recover damages against both Defendants.

Wherefore, Plaintiff John Doe respectfully prays for a judgment for compensatory and punitive damages, reasonable attorneys' fees, and expert fees against Defendants, jointly and severally, in an amount to be determined by the jury, together with interest, costs of this action, and any such other and further relief this Court or the trier of fact deems just and proper.

          R. Brady Vannoy, Esq.
          Fed ID #10292
          brady@vannoymurphy.com
          Vannoy | Murphy
          105 Carolina Avenue
          Moncks Corner, SC 29461
          Phone: (843) 761-0610

          ~and~

          PETERS, MURDAUGH, PARKER, ELTZROTH
              & DETRICK, P.A.

BY:   s/Ronnie L. Crosby
          Ronnie L. Crosby
          Fed ID #6311
          rcrosby@pmped.com
          Post Office Box 457
          101 Mulberry Street East
          Hampton, SC 29924
          Phone: (803) 943-2111

          Bert G. Utsey, III
          Fed ID #1045
          butsey@pmped.com
          Post Office Box 30968
          Charleston, SC  29417
          Phone: (843) 818-4399

          **ATTORNEYS FOR PLAINTIFF**

August 21, 2019
Hampton, South Carolina